# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JERRY W. ROAT,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0845**  (BOR Appeal No. 2048093)
(Claim No. 2011036666)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry W. Roat, by Robert M. Williams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a January 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 16, 2011, decision denying Mr. Roat's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roat worked as an underground electrician for Spartan Mining Company. On February 7, 2011, he was cutting down the rock box and belt head so that it could be moved to a different section of the mine. He used a torch to cut the rock box and belt down in a neutral area of the mine, which he stated is not ventilated and has no fresh air. Mr. Roat alleges it produced a great amount of smoke and fumes. He further alleges since the metallurgical coal was left in the

1

rock box that it produced hazardous dust and fumes. Mr. Roat filed an application for workers' compensation benefits. The claims administrator denied Mr. Roat's application for workers' compensation benefits and concluded that his condition did not occur in the course of and as a result of his employment.

The Office of Judges affirmed the claims administrator's decision and found that Mr. Roat failed to show by a preponderance of the evidence that he sustained an occupational injury or disease. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Roat disagrees and asserts that David Manuta, Ph.D., who has a doctorate in Chemistry, found that the burning of metallurgical coal in the rock box produced ammonia, carbon monoxide, sulfur dioxide, phosgene, nitrogen dioxide, and chlorine gases. He asserts that Dr. Manuta considered the neutral area that he was working in along with the amount of time he was in this area and concluded that his acute respiratory disease syndrome was directly caused from the inhalation of these toxic gases. Spartan Mining Company maintains that a preponderance of the evidence establishes that Mr. Roat contracted community acquired pneumonia, an ordinary disease of life that developed into acute respiratory distress syndrome but was not related to Mr. Roat's work. Spartan Mining Company further points out that Mr. Roat stated on an Emergency Department form for Montgomery General Hospital on February 11, 2011, that his condition was not a work-related injury or illness and that he had not been exposed to hazardous chemicals requiring immediate decontamination. It further maintains that this earlier admission that came four days after the onset of symptoms by Mr. Roat is clearly more reliable and probative on the compensability issue than the theory that came months later, which claimed Mr. Roat's symptoms resulted from work activity.

The Office of Judges found that Mr. Roat failed to prove that he had sustained an occupational injury or disease on February 7, 2011. The Office of Judges considered the February 9, 2011, report of S.S. Jamie, M.D., and Montgomery General Hospital's report dated February 11, 2011. The Office of Judges pointed out that there was no indication in either of these reports that Mr. Roat's symptoms were consistent with an occupational exposure illness or that an occupational exposure had even occurred. The Office of Judges also noted that Mr. Roat was seen at Montgomery General Hospital again on February 13, 2011, and still there was no mention of an occupational exposure related illness. At Montgomery General Hospital, Mr. Roat was diagnosed with pneumonia and acute respiratory failure. Mr. Roat was also seen at Beckley Appalachian Regional Hospital by Ugoala Banks, M.D., who found Mr. Roat had community acquired pneumonia, Charles Porterfield, M.D., who diagnosed him with atypical pneumonia, and David Facello, D.O., who found respiratory distress with possible pneumonia. None of the medical records from any of these physicians supported a finding of occupational exposure. In addition, Jack L. DePreist, M.D., diagnosed Mr. Roat with community acquired pneumonia progressing into acute respiratory disease syndrome, and Alex Michael Ng, M.D., also diagnosed Mr. Roat with acute respiratory disease syndrome and found that the cause was unknown. Neither of these two physicians found evidence that supported a finding of an occupational exposure. Furthermore, the Office of Judges stated that Dean Steinman, D.O., Mohammed I. Ranavaya, M.D., and George L. Zaldivar, M.D., all concluded that Mr. Roat had community acquired pneumonia that progressed into acute respiratory disease syndrome, and these three

physicians opined that the medical evidence of record did not support a finding that Mr. Roat's condition was related to an occupational exposure.

Mr. Roat submitted the medical findings of Stephen E. Popper, D.O., and the expert opinions of Dr. Manuta and Robert A. C. Cohen, M.D., in his favor. The Office of Judges also considered these reports. Dr. Popper opined that Mr. Roat suffered acute respiratory failure due to exposure to acetylene, and Dr. Manuta opined that Mr. Roat developed acute respiratory disease syndrome as a result of occupational exposure to toxic gases, such as ammonia, carbon monoxide, sulfur dioxide, phosgene, nitrogen dioxide, and chlorine. Dr. Cohen opined that Mr. Roat had developed acute respiratory disease syndrome primarily as a result of smoke inhalation. The Office of Judges found that although Dr. Popper, Dr. Cohen, and Dr. Manuta all opined that there was occupational exposure, these physicians did not necessarily agree on the nature of the exposure. The Office of Judges found that the physicians' reports failed to offer a unified or sharply focused theory for occupational exposure and causation in this claim and most importantly their opinions are not consistent with the weight of the medical evidence of record. The Office of Judges concluded that the weight of the evidence of record supports a finding that Mr. Roat contracted a community acquired pneumonia that progressed into acute respiratory disease syndrome and this finding is supported by the medical opinions of Dr. Steinman, Dr. Ranavaya, and Dr. Zaldivar, as well as the medical records of Dr. Jamie, Montgomery General Hospital, Beckley Appalachian Regional Hospital, and Charleston Area Medical Center.

We agree with the findings of the Board of Review and the Office of Judges. Mr. Roat has failed to show by a preponderance of evidence that his condition was causally related to his work. Mr. Roat has submitted one physician and two experts' reports that found his condition to be occupationally related. However, as the Office of Judges noted these reports are not consistent on Mr. Roat's exposure and causation or with the majority of the medical evidence. The majority of the physicians and medical evidence did not find a causal connection between Mr. Roat's condition and his employment and found that Mr. Roat had pneumonia instead of an occupational disease. The majority of the medical evidence clearly fails to show Mr. Roat's suffered an occupational disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin disqualified.